UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LONNIE C. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:21-CV-359-KAC-DCP |
| | ) |
| MICHAEL W. MOYERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Defendants Chancellor Michael W. Moyers; John B. Coke; Chancellor Clarence E. Pridemore, Jr.; and the State of Tennessee collectively filed a "Motion to Dismiss" Plaintiff's pro se Complaint [Doc. 1] under Federal Rule of Civil Procedure 12(b)(1) and (6) [Doc. 8]. For the reasons below, the Court grants Defendants' "Motion to Dismiss." *See* Fed. R. Civ. P. 12(b).

**I.    Background[1]**

On March 22, 2018, Defendant Chancellor Moyers presided over a Knox County Chancery Court divorce proceeding between Plaintiff, who is hearing impaired, and Plaintiff's former spouse [Doc. 1 ¶¶ 9, 22]. Defendants Chancellor Moyers and Coke, Tennessee's Americans with Disabilities Act coordinator, allegedly did not provide Plaintiff "a hearing assistance device" or "a technician trained in the operating of that device," both of which Plaintiff had requested through his attorney [*Id.* ¶¶ 6, 9, 19, 20, 32]. During the March 2018 hearing, Defendant Chancellor

---

[1] At this stage in the litigation, the Court construes the Complaint in Plaintiff's favor and accepts the facts in the Complaint as true. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016) (applying standard in case under Rule 12(b)(6)); *see also Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) ("When reviewing a facial attack [on the district court's subject matter jurisdiction], a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." (citations omitted)).

Moyers approved a settlement agreement that awarded $152,500 to Plaintiff's former spouse [*Id.* ¶¶ 9, 13, 24]. The Tennessee Court of Appeals vacated the settlement agreement and remanded the matter to the Knox County Chancery Court [*See id.* ¶ 10]. Thereafter, on October 1, 2021, Defendant Chancellor Pridemore allegedly "refused to follow the decision of the Appellate Court" by not returning the $152,500 to Plaintiff [*Id.* ¶¶ 13, 15, 16, 40].

On October 20, 2021, Plaintiff filed a Complaint, [Doc. 1], against Defendants Chancellor Moyers, Coke, Chancellor Pridemore, and the State of Tennessee, alleging that each Defendant violated Plaintiff's "Constitutional right of Due Process," [*see id.* at 20].[2] **First**, Plaintiff contended that Defendants Chancellor Moyers and Coke "denied [Plaintiff] equal access" to the March 22, 2018 hearing when they did not provide Plaintiff a hearing assistance device, "result[ing] in the confiscation of [Plaintiff's] private property without the Constitutional right of Due Process" [*Id.* ¶¶ 9, 19, 34]. **Second**, Plaintiff contended that Defendant Chancellor Pridemore's "refusal to return the Plaintiff's private property" "continu[ed] the confiscati[on]" "without compensation" [*Id.* ¶¶ 39, 40]. **Third**, Plaintiff contended that Tennessee violated its "duty" to (1) maintain "a paper trail" for requests for hearing assistance devices during court proceedings and (2) ensure "that the Judiciary has competent Judges," which contributed to each individual Defendant's constitutional violations [*See id.* ¶¶ 21, 28]. The Court liberally construes

---

[2] In his Response to Defendants' Motion to Dismiss, Plaintiff clarified that his Complaint "was filed for violation of plaintiff's U.S. Constitutional right of due process," and that the Complaint does not assert "civil right violations of the ADAAA legislation" [Doc. 11 at 1-2]. To the extent that Plaintiff's Complaint could be construed as asserting any claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, Plaintiff has affirmatively abandoned that claim. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (concluding that plaintiff abandoned claims "by failing to raise them in his brief opposing the government's motion to dismiss the complaint"). Accordingly, the only remaining claims before the Court are those Plaintiff asserted under 42 U.S.C. § 1983 for violations of the Constitution.

2

Case 3:21-cv-00359-KAC-DCP   Document 17   Filed 02/14/23   Page 2 of 7   PageID #: 109

Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). For relief, Plaintiff seeks (1) monetary damages against all Defendants and (2) prospective injunctive relief with respect to Tennessee, requiring the State (a) "to enforce all directives" under the ADA and (b) to implement "a proactive vetting system for state and local judges" [*See* Doc. 1 at 21-22]. Defendants moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) and (6) [*See* Doc. 8].

**II.        Analysis**

Rule 12(b) provides that the Court may dismiss a claim or action for "(1) lack of subject-matter jurisdiction" and "(6) failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(1), (6). The Court generally assesses a standing argument under the rubric of Rule 12(b)(1) because a lack of standing is a lack of subject matter jurisdiction. *See Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). Plaintiff must establish "separate standing to seek declaratory or injunctive relief focused on prospective harm." *Barber v. Miller*, 809 F.3d 840, 849 (6th Cir. 2015) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). To do so, he must show that a "threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). When reviewing a facial attack on the Court's subject matter jurisdiction, the Court "takes the allegations in the complaint as true." *Gentek Bldg. Prods.*, 491 F.3d at 330.

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, Plaintiff's Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

3

Court must construe the complaint in the light most favorable to Plaintiff, accept all well-pled factual allegations as true, and draw all reasonable inferences in Plaintiff's favor. *See Hogan*, 823 F.3d at 884. The Court liberally construes pro se pleadings filed in civil rights cases and holds them "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). "This less stringent standard, however, does not mean that *pro se* plaintiffs are entitled to take every case to trial." *Hahn*, 190 F.3d at 715 (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### A. A One-Year Statute of Limitations Bars Claims against Defendants Chancellor Moyers and Coke.

A one-year statute of limitations applies to Plaintiff's Section 1983 claims against Defendants Chancellor Moyers and Coke, barring Plaintiff's untimely claims. Because it is an affirmative defense, the statute of limitations is generally an "inappropriate vehicle" for dismissal. *See Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013). However, dismissal is appropriate "where one can determine from the face of the complaint that the statute of limitations has run." *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016). Plaintiff asserted that "the five year catch all" statute of limitations in 28 U.S.C. § 2462 governs this claim [*See* Doc. 11 at 2]. But the statute of limitations for Section 1983 claims is specifically governed by the state law applicable to personal injury actions. *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1008 (6th Cir. 2022). Tennessee provides a one-year statute of limitations for personal actions under federal civil rights statutes. *See Sharpe*

*v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (citing Tenn. Code Ann. § 28-3-104(a)). The statute of limitations begins to run "when the plaintiff knows or has reason to know" of his alleged injury. *Eidson v. Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 635 (6th Cir. 2007).

Plaintiff's claims against Defendants Chancellor Moyers and Coke arose from the March 22, 2018 divorce proceeding in which Plaintiff alleges his right to due process was denied [*See* Doc. 1 ¶ 9, 22]. This allegedly deficient proceeding alerted Plaintiff to protect his rights. *See Am. Premier Underwriters*, 839 F.3d at 461-62; *see also Printup v. Dir., Ohio Dep't of Job & Fam. Servs.*, 654 F. App'x 781, 787-88 (6th Cir. 2016) (concluding that plaintiff's procedural due process claim accrued on the date of what she alleged was a procedurally defective termination). Plaintiff argues that he "discovered the Due Process violation, and became aware of what it meant while doing research on the web in December 2020 or early in January of 2021" [Doc. 1 at 24-25]. But it is Plaintiff's knowledge of the actions that allegedly deprived him of a right, not Plaintiff's knowledge of that right, that triggers the statute of limitations. *See Kuhnle Brothers, Inc. v. Cnty. of Geauga*, 103 F.3d 516, 521 (6th Cir. 1997). The applicable one-year statute of limitations expired well before Plaintiff filed his Complaint on October 21, 2021 [*See* Doc. 1]. Plaintiff's claims against Defendants Chancellor Moyers and Coke are therefore untimely and must be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

### B. Absolute Immunity Bars Plaintiff's Claims against Defendant Chancellor Pridemore.

Plaintiff's claims against Defendant Chancellor Pridemore are barred by judicial immunity. "Judges generally speaking have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019). Judges retain immunity against Section 1983 claims. *See Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 648-49 (6th Cir. 2014). However, judicial immunity does not

5

extend to (1) "non-judicial actions" and (2) actions taken "in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam)). "[T]he scope of the judge's jurisdiction must be construed broadly . . . . A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Plaintiff did not allege that Defendant Chancellor Pridemore took a "non-judicial" action [*See* Docs. 1; 11]. Instead, Plaintiff alleged that Defendant Chancellor Pridemore's "decision to not return plaintiffs [sic] property" was "outside his judicial authority" because "he cannot suspend the Plaintiff's right of Due Process" [*See* Docs. 1 ¶ 14; 11 at 3-4]. But Defendant Chancellor Pridemore had subject matter jurisdiction over Plaintiff's divorce proceedings. *See* Tenn. Code Ann. § 16-11-110 (providing that chancery courts have jurisdiction over "all proceedings for divorce"). Defendant Chancellor Pridemore, therefore, did not act "in the complete absence of all jurisdiction." *See Norfleet*, 924 F.3d at 319. Accordingly, Defendant Chancellor Pridemore is entitled to immunity from Plaintiff's Section 1983 claims, and the Court dismisses them. *See* Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff's Claims against the State of Tennessee Fail Because Sovereign Immunity Bars any Claim for Monetary Relief and Plaintiff Lacks Standing to Pursue Prospective Injunctive Relief.

Finally, Plaintiff's claims against Tennessee fail. **First**, sovereign immunity bars any claim for monetary relief against Tennessee. "Sovereign immunity generally bars lawsuits against States." *Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023); *see also WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 514-15 (6th Cir. 2021). A state may waive its immunity, but there is no evidence that Tennessee has done so here. *See* Tenn. Code Ann. § 20-13-102(a); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). And Congress may abrogate a state's immunity, but Congress did not do so in Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 342-43 (1979).

Sovereign immunity therefore bars Plaintiff's claims for monetary damages against Tennessee. *See Mikel*, 58 F.4th at 256; Fed. R. Civ. P. 12(b)(6).

**Second**, Plaintiff lacks standing to pursue the prospective injunctive relief that he seeks with respect to Tennessee. Plaintiff's alleged injuries occurred in March 2018 and October 2021, but he asks the Court to order that Tennessee proactively (1) "enforce all directives" of the ADA and (2) install a "proactive vetting system for state and local judges" [Doc. 1 at 21]. In support of his request, Plaintiff asserted that "[t]he statistical likelihood that the same scenario of events that occurr[ed] in [his] experience will occur again to another disabled person is extremely high" [*See* Doc. 11 at 4]. But Plaintiff's past alleged injuries do not establish his standing to pursue the future-looking remedies he seeks. *See WCI*, 8 F.4th at 515-16 (rejecting corporation's request to enjoin state commission from enforcing portion of administrative code based on commission's past misconduct). And even taking Plaintiff's assertions as true, a "statistical likelihood" does not demonstrate a substantial risk of a future harm that is certainly impending. *See Barber*, 809 F.3d at 849 (concluding that "routinely fail[ing] to follow mandatory procedures under state law" created no certainly impending injury to establish standing for a declaratory judgment). Therefore, Plaintiff's claims for prospective injunctive relief against Tennessee cannot survive. *See* Fed. R. Civ. P. 12(b)(1). Accordingly, the Court dismisses Plaintiff's claims against Tennessee.

### III. Conclusion

For the reasons above, the Court **GRANTS** Defendants' "Motion to Dismiss" [Doc. 8] and dismisses this action. Because no claims remain in this action, an appropriate judgment shall enter.

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

7

Case 3:21-cv-00359-KAC-DCP Document 17 Filed 02/14/23 Page 7 of 7 PageID #: 114